IN RE APPEAL OF ASSESSMENT BOARD OF KENT COUNTY.

(*March* 11, 1927.)

RICE and RODNEY, J. J., sitting.

*James M. Satterfield, John B. Hutton,* and *James H. Hughes* for appellants.

*Charles L. Terry, Jr.,* and *Richard R. Kenney* for Kent County Levy Court.

Superior Court for Kent County, February Term, 1927.

RODNEY, J., delivering the opinion of the court:

■    There are no statutory provisions governing the manner of this appeal other than that this court shall affirm or reverse the appeal "in a summary proceeding." The term "summary proceeding" has a definite legal meaning and signifies that the regular course of the common law is not to be followed. In this case the term means that this court acts upon the appeal without the intervention of a jury.

The statute, as will be seen, provides that a member may be removed "for any failure to perform the duties of his office, or any other sufficient cause." The appellants contend that a "failure to perform the duties of his office" means only a failure to function at all, and that if any cause of removal exists it must be found under the term "any other sufficient cause." The appellees deny this construction and we are not required to go to that extent.

Before considering the testimony of any of the witnesses, or before drawing any conclusion therefrom, there are certain principles to be considered in connection with the removal of the members and of the causes necessary therefor.

■    The appeal being to this court from the action of the levy court, and this court having the duty of either affirming or reversing the decision of the levy court, it must necessarily be that the evidence must be of such strength and character as to convince this court that the members of the assessment board should have been removed. In other words, it is not necessary that the action of the levy court be affirmed simply because there may be some testimony which would have warranted the levy court in its action, but this appeal brings the matter before this court *de novo* on the record of the testimony as heard by the levy court, and the testimony must be such as to impel the independent action of this court.

■    Secondly, the "sufficient cause" necessary to insure a removal means a "legal cause" of a substantial nature which directly affects the rights and interests of the public. The right to be qualified to hold office is an important one and a sufficient cause justifying the removal of an incumbent must be such a cause as will show that he is not a fit or proper peson to hold the office. In

the absence of any statutory specifications the sufficiency of the cause must be determined with reference to the character of the office and the qualifications necessary to fill it.

With these general observations let us examine the contentions of the parties.

The levy court contends that the members of the board of assessment failed to perform the duties of the office in three particulars:

1. In that they did make changes in the assessment after the assessment had been posted by increasing the same without giving the owner affected five days' notice as required by *Section* 17 of said *chapter* 14, *volume* 31, *Laws of Delaware.*

2. That the board of assessment or a member thereof made changes on the assessment record and tax record of Kent county after the board of assessment had turned over the books to the levy court to apportion the taxes, and after the levy court had in turn delivered the books to the tax collector.

3. That the said board did not assess all property at its actual value in money.

We propose to consider these contentions in their reverse order. We are clear that there is no testimony in the record to sustain the third contention, unless indeed any change made in the amount of an assessment is in itself proof that one of the two figures was an assessment at other than actual value in money. *Section* 8 of the quoted statute provides for the assessment of all property at its true value in money, and makes it a misdemeanor for the board to assess upon any other principle. We do not think however that a change in an assessment is any indication of an attempt to adopt another principle. Such change may be a *bona fide* attempt to assess, and the only means of assessing, at its true value, and a refusal to change the assessment might be in itself the very violation of the requirement that the assessment be at the true value.

We are also quite convinced that no ground of removal exists under the law and the evidence concerning the second point raised. It will be at once apparent that this second ground for the

removal cannot be based upon the "failure to perform the duties" of the office, which was the reason assigned by the levy court. The appellants admit they made certain changes in the books after they had gone from their custody. Now the levy court contends that after the assessment books were turned over by the board of assessment the said board thereafter had no power or authority to make any entry, change or alteration affecting the 1926 tax. Assuming for the moment that no such power or authority did exist, it must be equally true that then there was no duty in connection with the books after the delivery to the levy court, and that therefore any cause of removal under this second reason cannot be based upon "failure to perform the duties" of the office, but must be based upon "any other sufficient cause" mentioned in *section* 4. We think it entirely clear that in so far as the 1926 tax was concerned the board of assessment had no right to make any change in the assessment after the books left the custody of the board. If any change should be made it should only be for the purpose of making such alteration a matter of record to be acted on at the 1927 assessment. The board had nothing to do with the collection of the 1926 tax, this responsibility being entirely upon the collector. The action of any member of the assessment board in changing the assessment after the delivery of the books should have no more effect on the tax for the then current year than the action of any third person. A taxable whose posted assessment remained at the same figure when the books were delivered to the levy court was only liable for the tax based on said assessment. The tax collector had no right to base a tax on any other assessment. If the figures are changed by the board of assessment or any member thereof it does not constitute a "failure to perform the duties of the office," because it is no part of the duties of the office. For the purpose of considering whether such action consitutes "other sufficient cause" of removal, it is competent to consider that such a course of action has been the uniform rule of the former boards of assessment since the passage of the act. Former boards of assessment have made changes after delivering the books to the levy court, and have made extensive and elaborate supplemental

lists. We are convinced that the action complained of under this division of objections does not constitute "other sufficient cause" justifying removal from office, because we are convinced that such action was and should have been entirely nugatory as affecting any increase of tax for the current year represented by such assessment.

██ ██ We now address ourselves to the remaining cause of removal, viz., that the board of assessment changed certain assessments without giving the taxable the five days' notice of the intention so to do, as required by the act of Assembly. The board of assessment have sworn that they have printed forms of the notices to be sent and that it is their uniform custom to send a copy of such notice to every taxable whose assessment is to be raised. The board swear that they believe notices were actually sent to those parties named in the record, who have also sworn that they did not receive them, but no member of the board is able to swear that any notice in the particular cases mentioned in the record was, in fact, actually mailed. We are convinced that the sending or serving of the notices provided for in the statute is an important matter and that the assessment board should keep a record of every change of assessment acted on, together with the manner of the service of the notice, whether it be by personal service, registered mail or otherwise.

It may not be material to specify the particular cases in which the levy court contends that no notices were given. There were six or seven of such cases mentioned in the record submitted to us and several of these are cases where buildings were in course of construction at the time of the posting of the original assessment and the changes were made to meet the increased value caused by such buildings. We think we are correct in estimating that the total amount of tax paid by all the objecting taxables mentioned in the record before us, by reason of the alleged increased assessments without notice, would not exceed fifty dollars.

In many proceedings, it is quite immaterial whether the amount involved is large or small but this is not a criminal proceeding and, as we have pointed out, the law does not call into play the very drastic remedy of removal from office for every neg-

lect of duty, but only for a material and substantial one. We are convinced that even if we may assume that notices were not sent in the instances set out in the record, that such neglect does not show such a substantial failure to perform the official duties as would justify removal from office. Seven instances from the whole assessment list of Kent county does not show such an intentional disregard for all the duties of the office as to justify this court in removing the present incumbents. We have heard no witnesses but the matter has been presented to us upon the record of the testimony as heard by the levy court. We are, of course, bound by such record and must determine this matter solely upon the instances set out therein. We can indulge in no inferences which are not supported by the testimony set out in the record.

There is no suggestion in the record or in the briefs of any bad faith on the part of any member of the board of assessment or of any personal benefit or improper motive in not sending out the notices if, in fact, such notices were not sent out.

*Section* 19 of the act under discussion provides for the posting of all assessment lists in certain stipulated places. It further provides that if any taxable fails or neglects to make any appeal from his posted assessment he shall be liable for the tax as shown by such posted list. We think the converse of this may well be true and that if any taxable is sent no notice of any change in his assessment as shown by the posted list that then such posted list shows the only amount for which the taxable is legally liable.

The levy court seems unanimously convinced that no notices of any intention to raise the assessments were sent in the cases mentioned in the record.

It may be, then, that the levy court can rebate, as errors, to the complaining taxables the increased tax beyond that due on the posted assessment. This matter, however, not being before us, we express no opinion upon it.

We would not be understood to say that we approve of any but the highest degree of business methods in the conduct of the board of assessment. This board is an important one, and the statutory duties devolving on the members of the board should

be faithfully and exactly complied with. Proper records should be kept showing the original assessment, any changes therein, and notices to the taxable of any change made.

Neither would we be understood as having a lack of sympathy with the expressed desire of the levy court to obtain for Kent county the highest degree of efficiency in the board of assessment or any other public office. With this intent we are in thorough accord. What we do say is that in the record submitted to us there is no such substantial neglect of duty on the part of the members of the board of assessment as would justify this court in invoking the extreme remedy of removal from office.

The order of removal issued by the levy court is hereby reversed, and under the terms of *section* 4, *chapter* 14, *volume* 31, *Laws of Delaware*, the members of the board of assessment are "remitted" to their said offices.